**James N. PENDER, Plaintiff,**

v.

**Allan MALCOLM, et al., Defendants.**

**No. S86–0067C.**

United States District Court,
E.D. Missouri,
Southeastern Division.

June 23, 1986.

On Motion to Set Aside Judgment
July 21, 1986.

Robert B. Reeser, Jr., Andrew C. Webb, Sedalia, Mo., John L. Cook, Cape Girardeau, Mo., for plaintiff.

Henry J. Fredericks, Asst. U.S. Atty., St. Louis, Mo., for defendants.

## MEMORANDUM AND ORDER

WANGELIN, District Judge.

This matter is before the Court upon defendants Malcolm and Burrow's motions to dismiss or alternatively for summary judgment.

### FACTUAL BACKGROUND

Defendants were engaged in the investigation of suspected arsons in connection with a real estate development which was experiencing financial difficulties. In the course of this official investigation, defendants compiled a list of suspects which was provided to State bank examiners who were examining the bank which had financed the real estate development. A copy of said list was stolen from the bank examiners and was published to all those whose names appeared on the list. This list is the basis of plaintiff's complaint for defamation.

### ARGUMENT

Defendants properly removed this matter from the State Court in Carter County pursuant to 28 U.S.C. § 1441(a & b) § 1442(a)(1) and § 2679(d). Defendants assert a qualified immunity which is available when the conduct of a federal official sued in his individual capacity has conformed to an objective standard as articulated in *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); and more recently in *Malley v. Briggs*, —— U.S. ——, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986).

The Court finds that defendants Malcolm and Burrow investigated a suspected arson in the normal scope of their employment as agents of the U.S. Government. (See Affidavits of defendants Malcolm and Burrow). In the course of their investigation, defendants recorded their findings for their file; said information to be further evaluated. The Court further finds that defendants did not know nor should they have known that their recording of facts was false. In fact, it has yet to be determined whether said recordings were, in reality, not true.

The Court finds that, as a matter of law, defendants Malcolm and Burrow's actions were objectively reasonable and thus they are entitled to qualified immunity pursuant to the U.S. Supreme Court's rulings in *Harlow* and *Malley, Supra.*

Because defendants presented and the Court relied on affidavits outside the pleadings, the Court will treat defendants' motions as motions for summary judgment. The U.S. Supreme Court has unequivocally stated that insubstantial lawsuits should be terminated on properly pleaded motions for summary judgment. *Butz v. Economou*, 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978). The above-styled matter is just such a case.

Accordingly,

IT IS HEREBY ORDERED that defendants Malcolm and Burrow's motions for summary judgment be and are GRANTED.

### ON MOTION TO SET ASIDE JUDGMENT

This matter is before the Court upon plaintiff's motion to set aside judgment.

On June 23, 1986, this Court granted summary judgment in favor of defendants Malcolm, et al. Plaintiff believes said judgment was in error and seeks to set aside the judgment.

Plaintiff asserts that proper notice of defendants' motion for summary judgment was not given and that the matter was not properly removed.

After careful consideration the Court makes the following findings:

1. Copies of defendants' motion were mailed to plaintiff's attorney of record.

2. Defendants' motion was filed on May 21, 1986, and judgment was entered on June 23, 1986, allowing plaintiff ample time to respond in some fashion.

3. This action was properly removed pursuant to 28 U.S.C. § 1442(a)(1),

notwithstanding plaintiff's failure to plead the agency relationship.

Plaintiff has failed to introduce any evidence of any material fact which would preclude entry of summary judgment in favor of defendants Malcolm, et al. Defendants were acting in the scope of their employment as Federal Government Agents; and as such, they are entitled to the immunities outlined in this Court's June 23, 1986 Memorandum and Order.

Finally, as the unrefuted evidence indicates, the "list" was stolen and published to others by the individual(s) who stole it rather than by the defendants.

Accordingly,

IT IS HEREBY ORDERED that plaintiff's motion to set aside the Court's June 23, 1986 judgement be and is DENIED.